United States District Court
Southern District of Texas
**ENTERED**
May 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. H-91-58 |
| | § | |
| JUAN OLAYA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's *pro se* letter motion requesting a sentence reduction under Amendments 821 and 814 to the United States Sentencing Guidelines ("U.S.S.G."). (Docket Entry No. 193.) The Government has not filed a response.

Defendant presents no grounds, legal arguments, or factual allegations in support of a sentence reduction. In the interest of justice, the Court has considered whether defendant is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) under either Part A or Part B of Amendment 821 or pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) under the provisions of Amendment 814.

Finding no basis for relief, the Court **DENIES** the motion as shown below.

### I. BACKGROUND

In December 2005, a jury found defendant guilty of one count of conspiring to possess with intent to distribute in excess of five kilograms of cocaine and one count of possession with intent to distribute in excess of five kilograms of cocaine. In the ensuing PSR, defendant was assigned a base offense level of 36 because his offense involved 124.96 kilograms of cocaine. Defendant's offense level was increased by two levels pursuant to

U.S.S.G. § 2D1.1(b)(1) because two loaded weapons were possessed during the offense, and by two additional levels pursuant to U.S.S.G. § 3B1.1(c) because defendant was an organizer or leader of criminal activity. Defendant's total offense level of 40, combined with his criminal history category of I, yielded a sentencing guideline range of 360 months to life imprisonment as to each of the two convictions. The Court sentenced defendant to two concurrent 360-month terms of imprisonment in 2006.

Defendant's convictions and sentences were affirmed on appeal in 2007, and his motion for relief under section 2255 was denied in 2008. His sentence was reduced to a 288-month term of imprisonment in August 2015 based on Amendment 781 to the sentencing guidelines as applied to the drug tables.

Bureau of Prison records indicate that defendant's anticipated date of release is June 17, 2024.

## II. ANALYSIS

A.    Part A to Amendment 821

Part A of Amendment 821 addresses "status points," the additional criminal history points given to offenders who committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Under Part A, offenders with six or fewer criminal history points will no longer receive status points, and offenders with seven or more criminal history points will only receive one status point instead of two. *See* U.S.S.G. § 4A1.1(e).

2

The record show that defendant did not receive any status points for sentencing purposes. Consequently, Part A of Amendment 821 provides defendant no basis for a sentence reduction.

B. <u>Part B to Amendment 821</u>

Part B subpart 1 creates a new section 4Cl.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders"—those with no criminal history points—whose offense did not involve any of the enumerated aggravating factors. *See* U.S.S.G. § 4C1.1. Section 4C1.1 provides as follows:

§ 4C1.1 <u>Adjustment for Certain Zero-Point Offenders</u>

(a) ADJUSTMENT. —If the defendant meets all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

    (4) the offense did not result in death or serious bodily injury;

    (5) the instant offense of conviction is not a sex offense;

    (6) the defendant did not personally cause substantial financial hardship;

    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8)    the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

    (9)    the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

    (10)    the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

That is, a defendant is eligible for a two-level reduction if he did not receive any criminal history points *and* does not meet any of the aggravating factors. That a defendant did not receive any criminal history points does not, standing alone, warrant relief.

Here, the record shows that defendant received a two-level adjustment pursuant to U.S.S.G. § 3B1.1(c) as an organizer or leader of criminal activity. The record further shows that he received a two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) as two weapons were possessed during the offense. Thus, defendant does not meet the criteria for a sentence reduction under sections 4C1.1(a)(10) and (a)(7).

    C.    <u>Amendment 814</u>

Amendment 814 to the sentencing guidelines addresses the grounds upon which a compassionate release can be granted under 18 U.S.C. § 3582(c)(1)(A). Specifically, Amendment 814 expands the list of "extraordinary and compelling reasons" for a compassionate release by (1) adding "Medical Circumstances" subcategories; (2) modifying

4

the "Family Circumstances" category; (3) adding a "Victim of Abuse" category; (4) revising the "Other Reasons" category; and (5) adding an "Unusually Long Sentences" category. *See* U.S.S.G. § 1B1.13(b).

Defendant does not specify the category or categories under which he seeks a compassionate release, and he presents no factual allegations, evidence, or legal arguments in support of relief under Amendment 814. The record before this Court evinces no grounds for relief. Defendant's request for a compassionate release under Amendment 814 is unsupported and will be denied.

Because defendant is not entitled to a sentence reduction or a compassionate release, the Court will not undertake consideration of any applicable section 3553(a) sentencing factors.

### III. CONCLUSION

Defendant's motion (Docket Entry No. 193) is **DENIED**.

Signed at Houston, Texas, on this the 20th day of May, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE